Common Pleas Court of Wood County.

FLORA E. HETHERMINGTON v. ANNA E. PRETZ.

Decided September 26, 1933.

*Dunipace and Middleton,* for plaintiff.
*Bowman and James,* for defendant.

CONN, J.

The defendant has interposed a general demurrer to the petition of plaintiff on the ground that said petition does not state a cause of action under the terms and provisions of the Guest statute so-called, enacted by the present General Assembly of this state.

This new statute known as House Bill No. 63 is now Section 6308-6, General Code. The petition in this case was filed on June 13, 1933, and service of summons was made the day following. It is contended by the defendant that the legislative act in question was in effect on the 14th day of June, 1933. That is to say, became effective on and after twelve o'clock midnight on June 13, 1933.

It is further claimed by defendant that the guest statute is remedial in character and that since plaintiff's action was not commenced until after the effective date of the act, that the rights of the parties are governed by the new law.

Plaintiff contends that the guest statute did not go into effect until the end of the ninetieth day after the law was filed with the Secretary of State, or June 14, 1933.

Plaintiff further contends that the cause of action having arisen prior to the enactment of the guest statute, it could not be given retroactive effect under the limitations incorporated in the Constitution of this state. The plaintiff raises the further question as to the constitutionality of the statute, but the point is not fully discussed.

We have read with care the very excellent briefs of counsel and have examined a great many of the cases cited. We have reached the conclusion that the demurrer is not well taken. In considering the matter we shall not undertake to discuss the cases cited but merely make a brief statement of the reasoning in support of the conclusions reached.

Section 10216, General Code provides:

"Unless otherwise specifically provided, the time within which an act is required by law to be done shall be computed by excluding the first day and including the last; except that the last shall be excluded if it be Sunday."

This statute has been in force for many years and was

in force at the time of the amendment of the Constitution of this state in 1912 when the referendum provisions were incorporated therein. It therefore provides a general rule or method for the computation of time. The Court of Appeals of Hamilton county in the case of *State* v. *Heuck,* 38 O. L. R., 33, Ohio Law Bulletin & Reporter, May 1, 1933,* had before it the question of the effective date of an Act passed by the General Assembly last October, and in the course of the opinion in considering the rule fixed by said Section 10216, General Code says:

"A constitutional provision is, however, to be construed as statutes are, to the end that the intent of those drafting and voting for it be realized. The statute in question was in force when the constitutional provision was formulated and it expressed the policy of the state then prevailing. The Supreme Court in *DeCamp* v. *Archibald,* 50 O. S. 618, 625, said: 'It is a rule of general application that words used in a constitution are to be interpreted with reference to the usages and customs of the country at the time of its adoption. It will be presumed to have been adopted by the people with the understanding of its terms derived from such sources.' "

Counsel for plaintiff on page 2 of his brief states very concisely the conclusion we have reached when he says that the last moment of time that an act remains inchoate must be the last moment of time for the filing of a referendum petition.

In the Court of Appeals case of Hamilton county above cited, the court considered the variation in the terms employed in Section 1-C of Article 2 of the Constitution relative to the ninety day limitation and we quote from page 35 of the opinion, as follows:

"If there is any conflict in the two sentences quoted from Section 1-C of Article II, in that the first sentence adverted to in the Elder case as permitting an act to go into effect on the ninetieth day after its filing and the subsequent sentence reserving to the electors ninety full days in which to file petitions, we would hold that the latter provisions must prevail because the sole purpose of amending and supplementing Section I of Article II was not to provide when an act should go into effect, but was to reserve to the people the power of referendum, and when that power was re-

served for ninety full days after the passage of the law an act could not have become effective until the succeeding or ninety-first day."

Adopting the method of computing time as provided by statute, it appears that the guest statute did not become effective until the expiration of the 14th day of June, 1933; this date coinciding with the ninetieth day of the referendum period provided for in the Constitution.

Among the cases cited by counsel for defendant is *Elder* v. *Shoffstall*, 90 O. S. page 265. There is certain language in the opinion of the court that tends to support the position taken by the defendant. The court held that the amendatory act in question was not applicable, for the action was not only pending on the effective date of the act, but that the trial of the case had progressed at least eight days before the law went into effect.

The case of *Smith* v. *The N. Y. C. R. R. Co.*, 122 O. S. 45, is also relied on by the defendant. In this case the petition was filed more than a year after the effective date of the amendment. The court finds that the amendment to the statute was remedial in nature and applies to all causes coming within its terms upon which actions have not been commenced in any of the courts on or before August 2, 1927, being the effective date of the amendment.

We observe that in the opinion the court seems to hold that the amendment applies to all actions commenced on and after August 2, 1927, but the law of the case as stated in the second section of the syllabi is that the amendatory act "applies to cases coming within its terms upon which actions have not been commenced in any of the trial courts of this state on or before August 2, 1927."

The date of August 2nd is the ninetieth day after the act had been filed in the office of the Secretary of State computated in accordance with Section 10210, General Code.

If we have correctly interpreted the holding in the Smith case, it follows that the case at bar was a pending action at the time the guest statute went into effect.

Some question has been raised by counsel for defendant as to whether the provisions of Section 26, General Code are applicable to the case at bar by reason of the fact that the

guest act does not repeal or amend an existing statute. The plaintiff however, sets up in her petition that the defendant has violated a duty created by statute whereby she has sustained loss and damage. The courts of this state have uniformly held that Section 26 of the Code prescribes a rule of legislative interpretation and that it is not to be considered a part of any subsequent enactment unless such act expressly so provides and that by reason of the provisions of said Section 26 subsequent acts of the Legislature do not have a retroactive effect without an express provision to the end.

There is no provision in the guest statute making it applicable to pending cases. It follows therefore, that the case at bar being a pending proceeding at the time of the effective date of the act in question, is not affected by the narrowing down of duty owed by the driver of the automobile to a guest riding in the same car, and that the petition states a good cause of action.

In view of the foregoing it is unnecessary to consider other points so ably discussed in briefs of counsel.

Demurrer overruled.